UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| John Doe,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>University of Maine System and,  )<br>David Fiacco,  )<br>  )<br>    Defendants.  ) | C.A. No. 1:19-cv-00415-NT |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO PROCEED UNDER ALIAS AND TO SEAL CERTAIN DOCUMENTS**

Defendants University of Maine System ("UMS") and David Fiacco, by and through undersigned counsel, respectfully request that this Court deny Plaintiff's Motion to Proceed Under Alias and to Seal Certain Documents (the "Motion") (ECF No. 3).

As background, the crux of Plaintiff's claim in this litigation is that under the recent U.S. Court of Appeals for the First Circuit decision in Haidak v. University of Massachusetts-Amherst, 933 F.3d 56 (1st Cir. 2019), UMS denied him due process and retaliated against him when imposing an interim suspension by failing to give him notice and a "hearing" before doing so. UMS imposed the interim suspension as a result of certain women's complaints against Plaintiff for conduct that includes harassment, staking, and assault.

Importantly, Plaintiff has filed a Complaint in this Court under "John Doe" to disguise his identity while at the same time including the initials of two of the women who have brought complaints against him and the full name of David Fiacco, the Director of Community Standards, Rights & Responsibilities for the University of Maine and a trained Title IX investigator for UMS, who Plaintiff alleges personally violated his Fourteenth Amendment due

1

process rights. Plaintiff now asks this Court to allow him to proceed under an alias. As set forth in more detail below, Defendants respectfully request that the Court deny Plaintiff's Motion and uphold the strong presumption of open judicial proceedings, including the disclosure of the identities of all parties as required by Rule 10(a) of the Federal Rules of Civil Procedure.

## Argument

**1.   The Longstanding Presumptive Rule is Open Judicial Proceedings and Identification of Parties**

The interest in favor of open judicial proceedings in the Federal Courts is, quite simply, unassailable and longstanding. *See, e.g., Craig v. Harvey*, 331 U.S. 367, 374 (1947) ("What transpires in the court room is public property."); *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) ("The people have a right to know who is using their courts"); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (noting the "presumption of openness in judicial proceedings" as "customarily and constitutionally embedded"). To allow the use of an alias, a court must find that there is a "'substantial privacy interest that outweighs the public's interest in disclosure.'" *Doe v. Word of Life Fellowship*, No. 11-40077-TSH, 2011 WL 2968912, at *1 (D. Mass. Jul. 18, 2011) (quotation omitted). "Only the most compelling reasons can justify the non-disclosure of judicial records." *Polinquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1998) (citations omitted). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Univ. of Rhode Isl.*, Civ. A. No. 93-0560B, 1993 WL 667341, *1 (D.R.I. Dec. 28, 1993) (quotations omitted).

The court has allowed litigants to proceed under an alias in situations involving "abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate children in welfare cases." *Id.* However, it is a longstanding rule that embarrassment or economic harm is not enough to support the use of an alias. *See, e.g., Siedle v. Putnam Investments, Inc.*, 147

F.3d 7, 10 (1st Cir. 1998); *Doe v. Temple Univ.*, Civ. A. No. 14-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014); *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 733 (W.D. Va. 2012) (citations omitted); *Doe v. Bell Atlantic Business Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995).

Consistent with these general presumptions, courts have held that a plaintiff is *not* entitled to proceed anonymously in cases involving alleged sexual misconduct at universities. *See, e.g., Doe v. Temple Univ.*, 2014 WL 4375613, at *2; *Prassad v. Cornell Univ.*, No. 5:15-CV-322, 2016 WL 3212079, at *1 n.3 (N.D.N.Y. Feb. 24, 2016); *Doe v. Univ. of Rhode Isl.*, 1993 WL 667341 at *3.

**2.    The Factors Generally Considered by the Courts Weigh in Favor of Denying Plaintiff's Motion**

While there is no express standard for determining whether to allow a plaintiff to proceed under an alias, the courts have usually looked at several factors: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identifies); (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives; (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identifies, beyond the public's interest which is normally obtained; and (9) whether the opposition to

pseudonym by counsel, the public, or the press is illegitimately motivated. *See, e.g., Doe v. Standard Insur. Co.*, 1:15-cv-00105-GZS, 2015 WL 5778566, at *2 (D. Me. Oct. 2, 2015) (citing *Doe v. Provident Life and Accident Insur. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). Several of these factors militate in favor of denying Plaintiff's Motion.

<u>First</u>, Plaintiff's lawsuit claims that UMS violated his Fourteenth Amendment due process rights. These are extremely serious claims against an educational institution. While Plaintiff has every right to seek redress for what he believes is a violation of his rights, he should do so in his own name.

<u>Second</u>, Plaintiff has placed the allegations made by women against him at issue in the public sphere by filing his Complaint against UMS publically and including the initials of the women complaining against him. Plaintiff also has alleged that he was sexually assaulted in the Complaint and has included the initials of the woman that he alleges sexually assaulted him. The fact that Plaintiff himself filed this lawsuit, and that he included the initials of the women involved, minimizes any claim that Plaintiff may make that he is concerned about the damage that may be done to his reputation as a result of the claims being made by these women or this lawsuit. Indeed, if Plaintiff used his actual name, it would allow him to defend himself against the complaints being made against him by these women who, according to him, have falsely accused him of misconduct.

<u>Third</u>, as is demonstrated by the Bangor Daily News articles, there is a great deal of public interest in this lawsuit because of the nature of the claims by Plaintiff against UMS.

<u>Fourth</u>, Plaintiff has specifically named Mr. Fiacco in his Complaint, and has alleged that Mr. Fiacco personally violating his Fourteenth Amendment due process rights. In turn, Plaintiff should be required to use his actual name in this proceeding.

4

Fifth, Plaintiff has not indicated that he will discontinue this lawsuit if he is not allowed to proceed under an alias.

Sixth, other than his fear that "his accuser's baseless allegations will reveal confidential information in his educational records and destroy his reputation," Plaintiff has alleged no actual harm that will result if he is required to proceed under his actual name.

### 3. Application of FERA to Plaintiff's Motion

Finally, Plaintiff claims he should be allowed to proceed under an alias because the Family Educational Rights and Privacy Act of 1974 ("FERPA") protects his educational records from disclosure by UMS. However, FERPA explicitly provides an exception for disclosure of these records when a student initiates legal action against an educational institution, as is the case here. *See* 34 C.F.R. § 99.31(a)(9)(iii)(B). Moreover, the confidentiality of Plaintiff's educational records can be protected in several ways other than allowing him to proceed under an alias during the litigation – e.g., Plaintiff can file those documents under seal.

Reputational concerns cut both ways. Defendants request that if Plaintiff is allowed to proceed under an alias, the women who have complained about Plaintiff to UMS should be accorded the same right, and should be known as "Jane Roe" throughout this litigation. Defendants would request that the Complaint and any related exhibits be redacted to remove these women's initials and re-filed with the court.

### Conclusion

For the reasons set forth above, the Court should deny Plaintiff's Motion to Proceed Under an Alias.

Dated: September 13, 2019    Respectfully submitted,

*/s/ Shiloh D. Theberge* _____
Shiloh D. Theberge
Kathryn W. McGintee
Tara A. Walker
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, Maine 04104-5029
(207) 774-1200
stheberge@bernsteinshur.com
kmcgintee@bernsteinshur.com
twalker@bernsteinshur.com

Attorneys for Defendant