**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

JOHN DOE,                      )

                                  )

            Plaintiff,       )     Case No. 1:19-cv-00415-NT

                                  )

    v.                       )

                                  )

UNIVERSITY OF MAINE SYSTEM   )

and DAVID FIACCO,           )

                                  )

           Defendants.

## DEFENDANT UNIVERSITY OF MAINE SYSTEM'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant University of Maine System ("UMS" or "Defendant"), by and through its attorneys, hereby answers Plaintiff John Doe's ("Plaintiff") Complaint as follows:

## PRELIMINARY MATTERS

1.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies those allegations.

2.     Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.     The allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required.  By way of further response, Defendant acknowledges that it is subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX") applicable to this case.

4.     The allegations contained in Paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5.      Defendant admits only that David Fiacco is Director of Community Standards, Rights and Responsibilities, Division of Student Life, for the University of Maine.  The remaining allegations contained in Paragraph 5 of the Complaint state a legal conclusion and/or merely characterize Plaintiff's claims and, as a result, no further response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required.  By way of further response, Defendant does not contest subject matter jurisdiction in this case.

## FACTS COMMON TO ALL COUNTS

7.      Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits only that since 2016 Plaintiff has, at times, worked at the UMF Fitness & Recreation Center ("FRC") on a part-time basis.  Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies those allegations.

10.     The allegations contained in Paragraph 10 of the Complaint state a legal conclusion to which no response is required.

11.     The allegations contained in Paragraph 11 of the Complaint state a legal conclusion to which no response is required.

12.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies those allegations.  By way of further response, the text messages exchanged by Plaintiff and Jane Roe 2 are written documents that speak for themselves, and Defendant denies Plaintiff's characterization of those text messages and refers to the text messages for a complete and accurate statement of their contents.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's conversations with Gavin Pickering and, therefore, denies those allegations.  Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies those allegations.

21.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies those allegations.

22.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies those allegations.

23.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies those allegations.  By way of further response, the text messages between Plaintiff and Jane Roe 1's mother are written documents that speak for themselves, and Defendant denies Plaintiff's characterization of the text messages and refers to the text messages for a complete and accurate statement as to their contents.

24.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies those allegations.  By way of further response, the text messages between Plaintiff and Jane Roe 1 are written documents that speak for themselves, and Defendant denies Plaintiff's characterization of the text messages and refers to the text messages for a complete and accurate statement as to their contents.

25.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies those allegations.  By way of further response, the text messages between Plaintiff and Jane Roe 1 are written documents that speak for themselves, and Defendant denies Plaintiff's characterization of

the text messages and refers to the text messages for a complete and accurate statement as to their contents.

26.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies those allegations.

27.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies those allegations.  By way of further response, the text messages Jane Roe 1 sent are written documents that speak for themselves, and Defendant denies Plaintiff's characterization of the text messages and refers to the text messages for a complete and accurate statement as to their contents.

28.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies those allegations.

29.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies those allegations.

30.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies those allegations.

31.     Defendant admits only that Defendant investigated a report made against Plaintiff by Jane Roe 1 for potential violations of the Student Conduct Code ("SCC").  Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits only that Jane Roe 7 made allegations against Plaintiff.  By way of further response, Laura Rodas, Associate Dean of Students at University of Maine Augusta ("UMA") and Brian Ufford, Director of Student Life at UMF, prepared an Investigation Report dated December 12, 2017 (the "Report") that included their findings on Jane Roe 1's report against Plaintiff, including findings related to Jane Roe 7.  The Report is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the Report and refers to the Report for a complete and accurate statement of its contents.

35.     Defendant admits only that Plaintiff responded to Mr. Ufford's inquiries regarding Plaintiff's interactions with Jane Roe 7.  By way of further response, the email exchange between Mr. Ufford and Plaintiff is a written document, and Defendant denies Plaintiff's characterization of the email exchange and refers to the email exchange for a complete and accurate statement of its contents.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 35 of the Complaint and, therefore, denies those allegations.

36.     Defendant admits only that Plaintiff responded to Mr. Ufford's inquiries regarding Plaintiff's interactions with Jane Roe 7.  By way of further response, the email exchange between Mr. Ufford and Plaintiff is a written document, and Defendant denies Plaintiff's characterization of the email exchange and refers to the email exchange for a complete and accurate statement of its contents.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 36 of the Complaint and, therefore, denies those allegations.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits only that Plaintiff's attorney provided certain information to Ms. Rodas and Mr. Ufford in connection with the investigation into Jane Roe 1's report against Plaintiff, including photos and texts between Jane Roe 1 to Plaintiff.  Those photos and texts are written documents that speak for themselves, and Defendant denies Plaintiff's characterization of those photos and texts and refers Plaintiff to those photos and texts for a complete and accurate statement as to their contents.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 38 of the Complaint and, therefore, denies those allegations.

39.     Defendant admits only that Jane Roe 1's mother and Plaintiff's attorney provided certain information to Ms. Rodas in connection with the investigation into Jane Roe 1's report against Plaintiff, including texts between Jane Roe 1's mother and Plaintiff.  Those texts are written documents that speak for themselves, and Defendant denies Plaintiff's characterization of those texts and refers Plaintiff to those texts for a complete and accurate statement as to their contents.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 39 of the Complaint and, therefore, denies those allegations.

40.     Defendant admits only that one of Jane Roe 1's roommates provided information to Ms. Rodas in connection with the investigation into Jane Roe 1's report against Plaintiff.  By way of further response, the information provided in connection with the investigation is detailed in the Report, which is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the Report and refers to the Report for a complete and accurate statement of its contents.  Defendant lacks sufficient knowledge or information to form a belief as to the truth

of the underlying allegations contained in Paragraph 40 of the Complaint and, therefore, denies those allegations.

41.     Defendant admits only that Plaintiff provided text messages to Ms. Rodas in connection with the investigation into Jane Roe 1's report against Plaintiff, including text messages regarding Jane Roe 1's prior boyfriend.  By way of further response, the information provided in connection with the investigation is detailed in the Report, which is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the Report and refers to the Report for a complete and accurate statement of its contents.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 41 of the Complaint and, therefore, denies those allegations.

42.     Defendant admits only that Ms.  Rodas estimated that she spent 100 hours investigating Jane Roe 1's report against Plaintiff and that, based on all of the evidence, Ms. Rodas and Mr. Ufford found Plaintiff not responsible for causing fear of physical harm, dating violence, sexual assault, and sexual harassment.  By way of further response, the findings in connection with the investigation are detailed in the Report, which is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the Report and refers to the Report for a complete and accurate statement of its contents.  Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Defendant admits only that after investigation of Jane Roe 1's report against Plaintiff, Investigators, Ms. Rodas and Mr. Ufford, found Plaintiff responsible for harassment or intimidation and stalking.  By way of further response, the findings in connection with the investigation are detailed in the Report, which is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the Report and refers to the Report for a

complete and accurate statement of its contents.  Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Defendant admits only that Ms. Rodas sent Plaintiff a letter dated December 15, 2017, which letter contained Plaintiff's sanctions based on the findings of the investigation.  By way of further response, the letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.  Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant admits only that Jane Roe 1 appealed the findings of Ms. Rodas and Mr. Ufford and that Plaintiff correctly quotes certain portions of the May 18, 2015 UMS SCC. By way of further response, the SCC is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the SCC and refers to the SCC for a complete and accurate statement of its contents.

47.     Defendant admits only that the Student Conduct Committee (the "Committee") was comprised of five members, that the Committee met for a hearing on Jane Roe 1's appeal on January 29, 2018, and that Ms. Rodas estimated that she spent 100 hours investigating Jane Roe 1's report against Plaintiff.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint and, therefore, denies those allegations.

48.     Defendant admits only that the Committee was comprised of four women and one man.  Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendant admits only that Jane Roe 1 acknowledged having spoken to Jane Roe 7 the week prior to the Committee hearing.  Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant admits only that Jane Roe 1's attorney introduced evidence of Jane Roe 7's PFA Order during the Committee proceedings.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Complaint and, therefore, denies those allegations.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant admits only that the Committee found Plaintiff responsible for sexual assault and causing fear of physical harm and upheld the remaining findings.  By way of further response, the Committee's findings and sanctions are contained in a letter dated January 31, 2018.  That letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter, and refers to the letter for a complete and accurate statement of its contents.

54.     Defendant admits only that the Committee imposed a disciplinary sanction of suspending Plaintiff through May 19, 2019, and that Plaintiff timely appealed the Committee's decision.  By way of further response, the Committee's finding and sanctions are contained in a letter dated January 31, 2018.  That letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter, and refers to the letter for a complete and accurate statement of its contents.  Defendant denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.     Defendant admits only that Plaintiff correctly quotes certain language from the UMS May 18, 2015 SCC.  By way of further response, the SCC is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the SCC and refers to the SCC for a complete and accurate statement of its contents.

56.     Defendant admits the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, therefore, denies those allegations.

58.     Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant admits only that the UMF President's Panel ("Panel") issued a decision dated March 27, 2018, and that Plaintiff correctly quotes portions of that decision.  Defendant denies the remaining allegations contained in Paragraph 59 of the Complaint.  By way of further response, the Panel's decision is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the decision and refers to the decision for a complete and accurate statement of its contents.

60.     Defendant admits only that Plaintiff correctly quotes a portion of the Panel's decision.  Defendant denies the remaining allegations contained in Paragraph 60 of the Complaint.  By way of further response, Defendant states that the Panel's decision is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the decision and refers to the decision for a true and accurate statement of its contents.

61.     Defendant admits only that the Panel found Plaintiff not responsible for sexual assault.  Defendant denies the remaining allegations contained in Paragraph 61 of the Complaint.  By way of further response, Defendant states that the Panel's decision is a written document that

11

speaks for itself, and Defendant denies Plaintiff's characterization of the decision and refers to the decision for a true and accurate statement of its contents.

62.     Defendant admits only that Plaintiff correctly quotes portions of the Panel's decision.  Defendants denies the remaining allegations contained in Paragraph 62 of the Complaint.  By way of further response, Defendant states that the decision is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the decision and refers to the decision for a true and accurate statement of its contents.

63.     Defendant admits only that Plaintiff correctly quotes portions of the Panel's decision.  Defendants denies the remaining allegations contained in Paragraph 63 of the Complaint.  By way of further response, Defendant states that the decision is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the decision and refers to the decision for a true and accurate statement of its contents.

64.     Defendant admits only that Plaintiff correctly quotes portions of the Panel's decision.  Defendants denies the remaining allegations contained in Paragraph 64 of the Complaint.  By way of further response, Defendant states that the decision is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the decision and refers to the decision for a true and accurate statement of its contents.

65.     Defendants admits the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, therefore, denies those allegations.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and, therefore, denies those allegations.

71.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and, therefore, denies those allegations.

72.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and, therefore, denies those allegations.

73.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and, therefore, denies those allegations.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant admits only that in October 2018, Plaintiff and UMS entered into a Settlement Agreement and General Release (the "Settlement Agreement").  Defendant denies the remaining allegations contained in Paragraph 75 of the Complaint.  By way of further response, the Settlement Agreement is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the Settlement Agreement and refers to the Settlement Agreement for a complete and accurate statement of its contents.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.  By way of further response, the Settlement Agreement is a written document that speaks for itself,

and Defendant denies Plaintiff's characterization of the Settlement Agreement and refers to the Settlement Agreement for a complete and accurate statement of its contents.

77.     The allegations contained in Paragraph 77 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, therefore, denies those allegations.

79.     Defendant admits only that Ms. Rhoda published an article in the Bangor Daily News ("BDN") on January 28, 2019, entitled "Step by step, 2 women detail Maine university's failings in their rape cases" and that Plaintiff correctly quotes portions of that article.  By way of further response, the article is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the article and refers to the article for a complete and accurate statement of its contents.

80.     Defendant admits only that UMF's interim president, Eric Brown, responded to the January 28, 2019 article.  By way of further response, the article and Mr. Brown's response are written documents that speaks for themselves, and Defendant denies Plaintiff's characterization of the article and refers to the document for a complete and accurate statement of its contents.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the Complaint and, therefore, denies those allegations.

81.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and, therefore, denies those allegations.

82.     Defendant admits only that Mr. Brown sent an email to the UMF students, staff, and members of the Board of Visitors regarding the January 28, 2019 article and that Plaintiff accurately quotes certain portions of that email.  By way of further response, the email is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the email and refers to the email for a complete and accurate statement of its contents.

83.     Defendant admits only that Ms. Rhoda wrote a follow-up article published in the BDN on February 7, 2019, entitled "Students confront UMF officials about handling of rape cases" and that Plaintiff accurately quotes certain portions of that article, including statements made by President Brown.  By way of further response, the article is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the article and refers to the article for a complete and accurate statement of its contents.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.  By way of further response, the February 7, 2019 article is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the article and refers to the article for a complete and accurate statement of its contents.

85.     Defendant admits only that Ms. Rhoda wrote another article published by BDN on February 16, 2019 entitled "More women step forward about sexual assault cases at UMF to spark changes" and that Plaintiff accurately quotes certain portions of the article.  By way of further response, the article is a written document that speaks for itself, and Defendant denies

Plaintiff's characterization of the article and refers to the article for a complete and accurate statement of its contents.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant admits only that on March 1, 2019, Plaintiff met with Mr. Ufford, Director Student Life and Associate Conduct Officer at UMF, Ms. Shore, Assistant Director of Student Life and Deputy Title IX Coordinator at UMF, and Ms. Lavoie, Deputy Title IX Coordinator at University of Maine, Ms. Lavoie informed Plaintiff that he was being placed on an interim suspension, and that Jane Roe 2 had filed a report against him.  Defendant denies the remaining allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and, therefore, denies those allegations.

93.     Defendant admits that David Fiacco sent Plaintiff a letter dated March 1, 2019, in which he notified Plaintiff of his interim suspension and that Plaintiff accurately quotes certain portions of the letter.  By way of further response, the March 1, 2019 letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.  By way of further response, the March 1, 2019 letter is a written document that speaks for itself, and

Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

95.     Defendant admits the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant admits only that Jane Roe 2 had graduated from UMF in the Spring of 2017 and was no longer on campus in 2019, that Plaintiff challenged the interim suspension in a letter to President Brown, and that Plaintiff accurately quotes certain portions of the letter.  By way of further response, the letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

97.     Defendant admits only that Plaintiff accurately summarizes certain portions of Plaintiff's counsel's letter to President Brown.  By way of further response, the letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

98.     Defendant admits only that Kim-Marie Jenkins, Ed. D., sent Plaintiff a letter dated March 14, 2019, responding to Plaintiff's request for a review of his interim suspension.  By way of further response, the March 14, 2019 letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

99.     Defendant admits only that Dr. Jenkins sent Plaintiff a letter dated March 14, 2019, responding to Plaintiff's request for a review of his interim suspension.  By way of further response, the March 14, 2019 letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

17

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant admits only that it assigned Scott Helmke, a 2015 law school graduate, to investigate Jane Roe 2's report against Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant admits only that Ms. Rhoda published another article in the BDN entitled "UMF takes 'immediate steps' to ensure safety after multiple women say student assaulted them" and that the article quoted President Brown.  By way of further response, the article is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the article and refers to the article for a complete and accurate statement of its contents.

104.    Defendant admits only that President Brown was quoted in the article and that Plaintiff accurately quotes certain of those statements.  By way of further response, the article is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the article and refers to the article for a complete and accurate statement of its contents.

105.    Defendant admits only that Plaintiff and Attorney Carey met with Mr. Helmke on May 3, 2019, that the meeting was held to discuss Jane Roe 2's report against Plaintiff, that Plaintiff alleged that Jane Roe 2 had sexually assaulted him, that Plaintiff provided Mr. Helmke with a text message in which Plaintiff alleges that Jane Roe 2 admitted to raping him, and that Plaintiff provided him with witness names.  Defendant denies the remaining allegations contained in Paragraph 105 of the Complaint.

106.    Defendant admits only that Plaintiff and Mr. Helmke discussed mediation. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

18

remaining allegations contained in Paragraph 106 of the Complaint and, therefore, denies those allegations.

107.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint and, therefore, denies those allegations.

108.     Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.     Defendant admits the allegations contained in Paragraph 109 of the Complaint.

110.     Defendant admits the allegations contained in Paragraph 110 of the Complaint.

111.     Defendant admits only that on August 27, 2019, Plaintiff's counsel sent Mr. Thelen an email and attached the *Haidak* decision.  By way of further response, that email is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the email and refers to the email for a complete and accurate statement of its contents.

112.     Defendant admits only that on August 30, 2019, Ms. Lavoie sent Plaintiff a letter stating that Defendant was going to review his interim suspension, and that Plaintiff accurately quotes portions of Ms. Lavoie's letter.  By way of further response, Ms. Lavoie's letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its content.

113.     Defendant admits only that on August 30, 2019, Ms. Lavoie sent Plaintiff a letter stating that Defendant was going to review his interim suspension, and that Plaintiff accurately quotes portions of Ms. Lavoie's letter.  By way of further response, Ms. Lavoie's letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its content.

114.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint and, therefore, denies those allegations.

115.     Defendant admits the allegations contained in Paragraph 115 of the Complaint.

116.     Defendant admits only that Ms. Lavoie and Kenda Scheele spoke with Plaintiff and informed him that Ms. Scheele would be replacing Mr. Helmke and investigating Jane Roe 2's report against Plaintiff, that Ms. Scheele would be using the information that Mr. Helmke had gathered to date, and that Ms. Scheele immediately began working on scheduling witness interviews for the investigation.  Defendant denies the remaining allegations contained in Paragraph 116 of the Complaint.

117.     Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.     Defendant admits the allegations contained in Paragraph 118 of the Complaint.

119.     Defendant denies the allegations contained in Paragraph 119 of the Complaint. By way of further response, Mr. Fiacco's September 7, 2019 letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

120.     Defendant denies the allegations contained in Paragraph 120 of the Complaint. By way of further response, Mr. Fiacco's September 7, 2019 letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

121.     Defendant admits only that Plaintiff accurately quotes certain portions of Mr. Fiacco's September 7, 2019 letter.  By way of further response, Defendant states that the September 7, 2019 letter is a written document that speaks for itself, and Defendant denies

Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

122.   The allegations contained in Paragraph 122 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 122 of the Complaint.  By way of further response, the September 7, 2019 letter is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the letter and refers to the letter for a complete and accurate statement of its contents.

123.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint and, therefore, denies those allegations.

124.   Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.   Defendant admits that Plaintiff is currently on interim suspension.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 125 of the Complaint and, therefore, denies those allegations.

<u>**COUNT I**</u>
**(Violation of Title IX by Defendant UMS – Hostile Educational Environment)**

126.   Defendant repeats and realleges its responses to Paragraphs 1 through 125 of the Complaint as if set forth fully herein.

127.   The allegations contained in Paragraph 127 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.     The allegations contained in Paragraph 128 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.     The allegations contained in Paragraph 129 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.     The allegations contained in Paragraph 130 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 130 of the Complaint.

**COUNT II**
**(Violation of Title IX by Defendant UMS – Selective Enforcement)**

131.     Defendant repeats and realleges its responses to Paragraphs 1 through 130 of the Complaint as if set forth fully herein.

132.     Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.     Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.     The allegations contained in Paragraph 134 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.     The allegations contained in Paragraph 135 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.     The allegations contained in Paragraph 136 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 136 of the Complaint.

## COUNT III
### (Retaliation under Title IX by Defendant UMS)

137.    Defendant repeats and realleges its responses to Paragraphs 1 through 136 of the Complaint as if set forth fully herein.

138.    The allegations contained in Paragraph 138 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.    The allegations contained in Paragraph 139 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.    The allegations contained in Paragraph 140 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.    The allegations contained in Paragraph 141 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.    The allegations contained in Paragraph 142 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    The allegations contained in Paragraph 143 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 143 of the Complaint.

## COUNT IV
### (42 U.S.C. § 1983: Violation of Procedural Due Process by Defendants)
### (Claim for Damages against Defendant Fiacco)

144.   Defendant repeats and realleges its responses to Paragraphs 1 through 143 of the Complaint as if set forth herein.

145.   The allegations contained in Paragraph 145 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.   The allegations contained in Paragraph 146 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.   The allegations contained in Paragraph 147 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.   Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.   Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.   Defendant denies the allegations contained in Paragraph 150 of the Complaint.

## WHEREFORE CLAUSE

Defendant denies that Plaintiff is entitled to any of the relief requested in the Wherefore Clause including, but not limited to, injunctive relief, compensatory damages, and attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint must be dismissed in whole or in part because it fails to state a claim upon which relief may be granted.

2.      Plaintiff has released certain of his claims in whole or in part through a valid, binding, and lawful Settlement Agreement that he signed in 2018 with UMS.

3.      Plaintiff's Title IX claims fail as a matter of law because his gender was not a substantial or motivating factor for any of the Defendant's actions.

4.      Plaintiff's Title IX "deliberate indifference" or "hostile educational environment" claim fails as a matter of law because Plaintiff was not subject to gender or sexual harassment of which Defendant's officials had actual knowledge and which was so severe, pervasive, and objectively offensive that it can be said to have deprived Plaintiff of access to the educational opportunities or benefits provided by Defendant.

5.      Plaintiff's Title IX claims fail because Defendant has proper policies and procedures in place to prevent and remedy claims of sex discrimination and actively enforces such policies and procedures.

6.      Plaintiff's Title IX "procedural due process" claim fails because Defendant provided him with all of the required procedural due process.

7.      Defendant's actions were justified and supported by legitimate, non-discriminatory reasons.

8.      The investigative and hearing processes through which Defendant imposed an interim suspension on Plaintiff were conducted consistent with Defendant's Student Conduct Code.

9.      Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, and laches.

10.      Plaintiff is not entitled, under some or all of his claims, to seek or recover the damages requested in his Complaint, including, but not limited to, injunctive relief,

compensatory damages, and attorneys' fees and costs.  Such damages are unconstitutional, not properly pled, and/or not in conformity with or allowable by law.

11.     To the extent Plaintiff has asserted overlapping and/or duplicative claims, Plaintiff may not recover more than once for the same injury.

12.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

13.     Plaintiff's claims are barred in whole or in part by Eleventh Amendment immunity.

14.     Defendant at all times acted in good faith and had reasonable grounds to believe that its acts were not violations of the state and federal laws referenced by Plaintiff.

15.     Plaintiff's claims are barred in whole or in part because his actions created an intervening cause of any damage that he claims to have suffered.

16.     Plaintiff's alleged damages, if any, were the result of Plaintiff's own conduct.

17.     Plaintiff's claims for damages are barred in whole or in part by his failure to mitigate his damages.

18.     To the extent, if any, that Plaintiff has an adequate remedy at law, his prayers for injunctive relief are barred.

19.     Defendant reserves the right to plead any additional defenses as they become known or available during the pendency of this litigation.

**WHEREFORE**, Defendant respectfully requests that:

1.     The Complaint be dismissed with prejudice;

2.     Each and every count and prayer for relief in Plaintiff's Complaint be denied;

3.     Judgment be entered in favor of Defendant; and

4.      Such other relief as this Court deems just and proper.


Dated: March 5, 2020

/s/ Shiloh D. Theberge
Shiloh D. Theberge
Kathryn W. McGintee
Tara A. Walker
Attorney for Defendants
stheberge@bernsteinshur.com
kmcgintee@bernsteinshur.com
twalker@bernsteinshur.com
BERNSTEIN SHUR
100 Middle Street, PO Box 9729
Portland, ME 04104-5029
(207) 774-1200