<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

</div>

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-00415-NT |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF MAINE SYSTEM, | ) | |
| TRUSTEES OF THE UNIVERSITY OF | ) | |
| MAINE SYSTEM, ERIC BROWN, | ) | |
| DAVID FIACCO, SCOTT HELMKE, | ) | |
| ELIZABETH LAVOIE, and KENDA | ) | |
| SCHEELE, | ) | |
| | ) | |
| Defendants. | ) | |

<div align="center">

**DEFENDANTS UNIVERSITY OF MAINE SYSTEM AND TRUSTEES**
**OF THE UNIVERSITY OF MAINE SYSTEM'S ANSWER TO AMENDED**
**COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

</div>

Defendants University of Maine System ("UMS") and the Trustees of the University of Maine System (the "Trustees") (collectively, "Defendants"), by and through their attorneys, hereby answer Plaintiff John Doe's ("Plaintiff") Amended Complaint (the "Complaint") as follows:

<div align="center">

**PARTIES AND JURISDICTION**

</div>

1.      Defendants admit only that Plaintiff is a former student of the University of Maine Farmington ("UMF").  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and, therefore, deny those allegations.

2.      The allegations contained in Paragraph 2 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit only

<div align="center">

1

</div>

that UMS operates a system of public post-secondary educational institutions, including UMF, that UMS receives federal funds, and that UMS is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"). Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit only that the Trustees accept the UMS Student Conduct Code (the "SCC") and that the Trustees act upon proposed amendments to the SCC after receiving recommendations from the Student Conduct Code Review Board, the President's Council of UMS, and the Chancellor. The remaining allegations contained in Paragraph 3 of the Complaint state a legal conclusion and/or merely characterize Plaintiff's claims and, as a result, no further response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit only that Eric Brown served as the Interim President of UMF from July 1, 2018 to June 30, 2019. The remaining allegations contained in Paragraph 4 of the Complaint state a legal conclusion and/or merely characterize Plaintiff's claims and, as a result, no further response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit only that David Fiacco is Director of Community Standards, Rights and Responsibilities, Division of Student Life, for the University of Maine. The remaining allegations contained in Paragraph 5 of the Complaint state a legal conclusion and/or merely characterize Plaintiff's claims and, as a result, no further response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.     Defendants admit only that Elizabeth Lavoie is the Coordinator of Title IX Services for UMS.  The remaining allegations contained in Paragraph 6 of the Complaint state a legal conclusion and/or merely characterize Plaintiff's claims and, as a result, no further response is required.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendants admit only that Kenda Scheele is the Associate Vice President for Student Life and Senior Associate Dean for the University of Maine.  The remaining allegations contained in Paragraph 7 of the Complaint state a legal conclusion and/or merely characterize Plaintiff's claims and, as a result, no further response is required.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit only that Scott Helmke was a Title IX Investigator for UMS during the relevant time period.  The remaining allegations contained in Paragraph 8 of the Complaint state a legal conclusion and/or merely characterize Plaintiff's claims and, as a result, no further response is required.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.     The allegations contained in Paragraph 9 of the Complaint state a legal conclusion to which no response is required.  By way of further response, Defendants do not contest subject matter jurisdiction in this case.

## FACTS COMMON TO ALL COUNTS

10.     Defendants admit only that Plaintiff was a student at UMF beginning in the 2013-2014 academic year.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit only that, beginning in or around 2016, Plaintiff, at times, worked at the UMF Fitness & Recreation Center ("FRC") as a lifeguard on a part-time basis. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, deny those allegations.

13.     The allegations contained in Paragraph 13 of the Complaint state a legal conclusion to which no response is required.

14.     The allegations contained in Paragraph 14 of the Complaint state a legal conclusion to which no response is required.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, deny those allegations.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, deny those allegations.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, deny those allegations.  By way of further response, the text messages exchanged by Plaintiff and Jane Roe 2 are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of those text messages and refer to the text messages for a complete and accurate statement of their contents.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's conversations with Gavin Pickering and, therefore, deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, deny those allegations.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, deny those allegations.

25.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, deny those allegations.

26.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, deny those allegations.  By way of further response, the text messages between Plaintiff and Jane Roe 1's mother are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of the text messages and refer to the text messages for a complete and accurate statement of their contents.

27.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, deny those allegations.  By way of further response, the text messages between Plaintiff and Jane Roe 1 are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of the text messages and refer to the text messages for a complete and accurate statement of their contents.

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, deny those allegations.  By way of further response, the text messages between Plaintiff and Jane Roe 1 are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of the text messages and refer to the text messages for a complete and accurate statement of their contents.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, deny those allegations.

30.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, deny those allegations.  By way of further response, the text messages Jane Roe 1 sent are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of the text messages and refer to the text messages for a complete and accurate statement of their contents.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, deny those allegations.

32.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, deny those allegations.

33.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, deny those allegations.

34.    Defendants admit only that Defendants investigated a report made against Plaintiff by Jane Roe 1 for potential violations of the SCC.  Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants admit only that Jane Roe 7 made allegations against Plaintiff.  By way of further response, Laura Rodas, Associate Dean of Students at University of Maine Augusta ("UMA") and Brian Ufford, Director of Student Life at UMF, prepared an Investigation Report dated December 12, 2017 (the "Report") that included their findings on Jane Roe 1's report against Plaintiff, including findings related to Jane Roe 7.  The Report is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Report and refer to the Report for a complete and accurate statement of its contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 37 of the Complaint and, therefore, deny those allegations.

38.    Defendants admit only that Plaintiff responded to Mr. Ufford's inquiries regarding Plaintiff's interactions with Jane Roe 7.  By way of further response, the email exchange between Mr. Ufford and Plaintiff is a written document, and Defendants deny

Plaintiff's characterization of the email exchange and refer to the email exchange for a complete and accurate statement of its contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 38 of the Complaint and, therefore, deny those allegations.

39.    Defendants admit only that Plaintiff responded to Mr. Ufford's inquiries regarding Plaintiff's interactions with Jane Roe 7.  By way of further response, the email exchange between Mr. Ufford and Plaintiff is a written document, and Defendants deny Plaintiff's characterization of the email exchange and refer to the email exchange for a complete and accurate statement of its contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 39 of the Complaint and, therefore, deny those allegations.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants admit only that Plaintiff's attorney provided certain information to Ms. Rodas and Mr. Ufford in connection with the investigation into Jane Roe 1's report against Plaintiff, including photos and text messages between Jane Roe 1 to Plaintiff.  Those photos and text messages are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of those photos and text messages and refer Plaintiff to those photos and text messages for a complete and accurate statement of their contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 41 of the Complaint and, therefore, deny those allegations.

42.    Defendants admit only that Jane Roe 1's mother and Plaintiff's attorney provided certain information to Ms. Rodas in connection with the investigation into Jane Roe 1's report against Plaintiff, including text messages between Jane Roe 1's mother and Plaintiff.  Those text

messages are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of those text messages and refer Plaintiff to those text messages for a complete and accurate statement of their contents. Defendants lack sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 42 of the Complaint and, therefore, deny those allegations.

43. Defendants admit only that one of Jane Roe 1's roommates provided information to Ms. Rodas in connection with the investigation into Jane Roe 1's report against Plaintiff. By way of further response, the information provided in connection with the investigation is detailed in the Report, which is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Report and refer to the Report for a complete and accurate statement of its contents. Defendants lack sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 43 of the Complaint and, therefore, deny those allegations.

44. Defendants admit only that Plaintiff provided text messages to Ms. Rodas in connection with the investigation into Jane Roe 1's report against Plaintiff, including text messages regarding Jane Roe 1's prior boyfriend. By way of further response, the information provided in connection with the investigation is detailed in the Report, which is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Report and refer to the Report for a complete and accurate statement of its contents. Defendants lack sufficient knowledge or information to form a belief as to the truth of the underlying allegations contained in Paragraph 44 of the Complaint and, therefore, deny those allegations.

45. Defendants admit only that Ms. Rodas estimated that she spent 100 hours investigating Jane Roe 1's report against Plaintiff and that, based on all of the evidence, Ms.

Rodas and Mr. Ufford found Plaintiff not responsible for causing fear of physical harm, dating violence, sexual assault, and sexual harassment.  By way of further response, the findings in connection with the investigation are detailed in the Report, which is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Report and refer to the Report for a complete and accurate statement of its contents.  Defendants deny the remaining allegations contained in Paragraph 45 of the Complaint.

46.      Defendants admit only that after investigation of Jane Roe 1's report against Plaintiff, Ms. Rodas and Mr. Ufford found Plaintiff responsible for harassment or intimidation and stalking.  By way of further response, the findings in connection with the investigation are detailed in the Report, which is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Report and refer to the Report for a complete and accurate statement of its contents.  Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47.      Defendants admit only that Ms. Rodas sent Plaintiff a letter dated December 15, 2017, which letter contained Plaintiff's sanctions based on the findings of the investigation.  By way of further response, the letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.  Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48.      Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.      Defendants admit only that Jane Roe 1 appealed the findings of Ms. Rodas and Mr. Ufford, and that Plaintiff correctly quotes certain portions of the May 18, 2015 UMS SCC.  By way of further response, the SCC is a written document that speaks for itself, and Defendants

deny Plaintiff's characterization of the SCC and refer to the SCC for a complete and accurate statement of its contents.

50.     Defendants admit only that the Student Conduct Committee (the "Committee") was comprised of five members, that the Committee met for a hearing on Jane Roe 1's appeal on January 29, 2018, and that Ms. Rodas estimated that she spent 100 hours investigating Jane Roe 1's report against Plaintiff.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Complaint and, therefore, deny those allegations.

51.     Defendants admit only that the Committee was comprised of four women and one man.  Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Defendants admit only that Jane Roe 1 acknowledged having spoken to Jane Roe 7 the week prior to the Committee hearing.  Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit only that Jane Roe 1's attorney introduced evidence of Jane Roe 7's PFA Order during the Committee proceedings.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint and, therefore, deny those allegations.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants admit only that the Committee found Plaintiff responsible for sexual assault and causing fear of physical harm and upheld the remaining findings by Ms. Rodas. Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.  By way of further response, the Committee's findings and sanctions are contained in a letter dated

11

January 31, 2018.  That letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter, and refer to the letter for a complete and accurate statement of its contents.

57.     Defendants admit only that the Committee imposed a disciplinary sanction of suspending Plaintiff through May 19, 2019, and that Plaintiff timely appealed the Committee's decision.  Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.  By way of further response, the Committee's finding and sanctions are contained in a letter dated January 31, 2018.  That letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter, and refer to the letter for a complete and accurate statement of its contents.

58.     Defendants admit only that Plaintiff correctly quotes certain language from the UMS May 18, 2015 SCC.  Defendant denies the remaining allegations contained in Paragraph 58 of the Complaint.  By way of further response, the SCC is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the SCC and refer to the SCC for a complete and accurate statement of its contents.

59.     Defendants admit the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, therefore, deny those allegations.

61.     Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants admit only that the UMF President's Panel (the "Panel") issued a decision dated March 27, 2018, and that Plaintiff correctly quotes portions of that decision. Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.  By way

of further response, the Panel's decision is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the decision and refer to the decision for a complete and accurate statement of its contents.

63.    Defendants admit only that Plaintiff correctly quotes a portion of the Panel's decision. Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint. By way of further response, the Panel's decision is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the decision and refer to the decision for a true and accurate statement of its contents.

64.    Defendants admit only that the Panel found Plaintiff not responsible for sexual assault. Defendants deny the remaining allegations contained in Paragraph 64 of the Complaint. By way of further response, the Panel's decision is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the decision and refer to the decision for a true and accurate statement of its contents.

65.    Defendants admit only that Plaintiff correctly quotes portions of the Panel's decision. Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint. By way of further response, the decision is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the decision and refer to the decision for a true and accurate statement of its contents.

66.    Defendants admit only that Plaintiff correctly quotes portions of the Panel's decision. Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint. By way of further response, the decision is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the decision and refer to the decision for a true and accurate statement of its contents.

67.     Defendants admit only that Plaintiff correctly quotes portions of the Panel's decision.  Defendants deny the remaining allegations contained in Paragraph 67 of the Complaint.  By way of further response, the decision is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the decision and refer to the decision for a true and accurate statement of its contents.

68.     Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and, therefore, deny those allegations.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and, therefore, deny those allegations.

74.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and, therefore, deny those allegations.

75.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and, therefore, deny those allegations.

76.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and, therefore, deny those allegations.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants admit only that in October 2018, Plaintiff and UMS entered into a Settlement Agreement and General Release (the "Settlement Agreement").  Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.  By way of further response, the Settlement Agreement is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Settlement Agreement and refer to the Settlement Agreement for a complete and accurate statement of its contents.

79.     The allegations contained in Paragraph 79 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 79 of the Complaint.  By way of further response, the Settlement Agreement is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Settlement Agreement and refer to the Settlement Agreement for a complete and accurate statement of its contents.

80.     The allegations contained in Paragraph 80 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and, therefore, deny those allegations.

82.     Defendants admit only that Ms. Rhoda published an article in the Bangor Daily News ("BDN") on January 28, 2019, entitled "Step by step, 2 women detail Maine university's failings in their rape cases" and that Plaintiff correctly quotes portions of that article.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 82 of the Complaint and, therefore, deny those allegations. By way of further response, the article is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the article and refer to the article for a complete and accurate statement of its contents.

83.     Defendants admit only that Mr. Brown was UMF's interim president from July 1, 2018 to June 30, 2019, and that Mr. Brown's son had been taught by Jane Roe 1's mother. Defendants deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and, therefore, deny those allegations.

85.     Defendants admit only that on January 29, 2019, Mr. Brown sent an email to the UMF students, staff, and Board of Visitors regarding the January 28, 2019 BDN article and that Plaintiff accurately quotes certain portions of that email.  Defendants deny the remaining allegations contained in Paragraph 85 of the Complaint.  By way of further response, the email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

86.     Defendants admit only that Ms. Rhoda wrote an article published in the BDN on February 7, 2019, entitled "Students confront UMF officials about handling of rape cases" and that Plaintiff accurately quotes certain portions of that article.  Defendants deny the remaining

allegations contained in Paragraph 86 of the Complaint.  By way of further response, the article is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the article and refer to the article for a complete and accurate statement of its contents.

87.   Defendants deny the allegations contained in Paragraph 87 of the Complaint.  By way of further response, the February 7, 2019 article is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the article and refer to the article for a complete and accurate statement of its contents.

88.   Defendants admit only that Ms. Rhoda wrote an article published by BDN on February 16, 2019 entitled "More women step forward about sexual assault cases at UMF to spark changes" and that Plaintiff accurately quotes certain portions of the article.  By way of further response, the article is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the article and refer to the article for a complete and accurate statement of its contents.

89.   Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.   Defendants admit only that on March 1, 2019, Plaintiff met with Mr. Ufford, Director Student Life and Associate Conduct Officer at UMF, Ms. Shore, Assistant Director of Student Life and Deputy Title IX Coordinator at UMF, and Ms. Lavoie, then Deputy Title IX Coordinator at University of Maine, that Ms. Lavoie informed Plaintiff he was being placed on an interim suspension, and that Jane Roe 2 had filed a report against him.  Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91.   Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.   Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.   Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and, therefore, deny those allegations.

96.     Defendants admit only that David Fiacco wrote a letter dated March 1, 2019 to Plaintiff, in which he notified Plaintiff of his interim suspension, that the letter was provided to Plaintiff during the meeting on March 1, 2019, and that Plaintiff accurately quotes certain portions of the letter.  Defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.  By way of further response, the March 1, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.  By way of further response, the March 1, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.  By way of further response, the March 1, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

99.     Defendants admit only that Jane Roe 2 had graduated from UMF in the Spring of 2017 and was no longer on campus in 2019, that Plaintiff challenged the interim suspension in a letter to Mr. Brown, and that Plaintiff accurately quotes certain portions of the letter.  Defendants deny the remaining allegations contained in Paragraph 99 of the Complaint.  By way of further

18

response, the letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

100.    Defendants admit only that Plaintiff accurately summarizes certain portions of Attorney Carey's letter to Mr. Brown.  Defendants deny the remaining allegations contained in Paragraph 100 of the Complaint.  By way of further response, the letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

101.    Defendants admit only that Kim-Marie Jenkins, Ed. D., sent Plaintiff a letter dated March 14, 2019, responding to Plaintiff's request for a review of his interim suspension. Defendants deny the remaining allegations set forth in Paragraph 101 of the Complaint.  By way of further response, the March 14, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

102.    Defendants admit only that Dr. Jenkins sent Plaintiff a letter dated March 14, 2019, responding to Plaintiff's request for a review of his interim suspension.  Defendants deny the remaining allegations contained in Paragraph 102 of the Complaint.  By way of further response, the March 14, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants admit only that UMS assigned Scott Helmke, a 2015 law school graduate, to investigate Jane Roe 2's report against Plaintiff.  Defendants deny the remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants admit only that Ms. Rhoda published an article in the BDN on March 5, 2019 entitled "UMF takes 'immediate steps' to ensure safety after multiple women say student assaulted them."  Defendants deny the remaining allegations contained in Paragraph 106.  By way of further response, the article is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the article and refer to the article for a complete and accurate statement of its contents.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.  By way of further response, the article is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the article and refer to the article for a complete and accurate statement of its contents.

108.    Defendants admit only that Plaintiff sent an email to Ms. Shore, that the email contained a screenshot of a Facebook post, and that Plaintiff accurately quotes a portion of that email.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 108 of the Complaint and, therefore, deny those allegations.  By way of further response, the email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

109.    Defendants admit only that Ms. Shore responded to Plaintiff's email and that Plaintiff accurately quotes a portion of that email.  By way of further response, the email is a

written document that speaks for itself and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

110.    Defendants admit only that Ms. Shore and Amie Parker, then Human Resource Director and Title IX Coordinator at UMF, communicated regarding Plaintiff.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Complaint and, therefore, deny those allegations.

111.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and, therefore, deny those allegations.

112.    Defendants admit only that Plaintiff emailed Ms. Lavoie regarding the Facebook post by Leah Brackett.  Defendants deny the remaining allegations contained in Paragraph 112 of the Complaint.  By way of further response, the email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

113.    Defendants admit only that Ms. Lavoie responded to Plaintiff's email regarding the Facebook post by Ms. Brackett.  Defendants deny the remaining allegations contained in Paragraph 113 of the Complaint.  By way of further response, the email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

114.    Defendants admit only that Mr. Brown sent an email to the UMF campus on or about April 12, 2019, and that Plaintiff accurately quotes certain portions of that email. Defendants deny the remaining allegations contained in Paragraph 114 of the Complaint.  By way of further response, the April 12, 2019 email is a written document that speaks for itself, and

Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.  By way of further response, the April 13, 2019 email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

116.    Defendants admit only that UMS provided Plaintiff with notice of charges dated May 1, 2019 for two reports made against Plaintiff by Jane Roe 3 and Jane Roe 4.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 116 of the Complaint and, therefore, deny those allegations.

117.    Defendants admit only that Plaintiff and Attorney Carey met with Mr. Helmke on May 3, 2019, that the meeting was held to discuss Jane Roe 2's report against Plaintiff, that Plaintiff alleged that Jane Roe 2 had sexually assaulted him, that Plaintiff showed Mr. Helmke a text message in which Plaintiff alleged that Jane Roe 2 admits to raping him, and that Plaintiff provided Mr. Helmke with witness names.  Defendants deny the remaining allegations contained in Paragraph 117 of the Complaint.

118.    Defendants admit only that Plaintiff and Mr. Helmke discussed mediation. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 118 of the Complaint and, therefore, deny those allegations.

119.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and, therefore, deny those allegations.

120.     Defendants admit the allegations contained in Paragraph 120 of the Complaint.

121.     Defendants admit only that Attorney Carey emailed Mr. Helmke with witness names.  Defendants deny the remaining allegations contained in Paragraph 121 of the Complaint. By way of further response, the email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

122.     Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.     Defendants admit the allegations contained in Paragraph 124 of the Complaint.

125.     Defendants admit only that on August 27, 2019, Plaintiff's counsel sent Mr. Thelen an email and attached a recent decision from the United State Court of Appeals for the First Circuit, *Haidak v. University of Massachusetts-Amherst*, 933 F.3d 56 (1st Cir. 2019). Defendants deny the remaining allegations contained in Paragraph 125 of the Complaint.  By way of further response, that email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and the attached case and refer to the email and the attached case for a complete and accurate statement of their contents.

126.     Defendants admit only that on August 27, 2019, Plaintiff's counsel sent Mr. Thelen an email and attached the *Haidak* decision.  Defendants deny the remaining allegations contained in Paragraph 126 of the Complaint.  By way of further response, that email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and the attached case and refer to the email and the attached case for a complete and accurate statement of their contents.

127.     Defendants admit only that on August 30, 2019, Ms. Lavoie sent Plaintiff a letter stating that Defendants was going to review his interim suspension, and that Plaintiff accurately quotes portions of Ms. Lavoie's letter.  Defendants deny the remaining allegations contained in Paragraph 127 of the Complaint.  By way of further response, Ms. Lavoie's letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its content.

128.     Defendants admit only that on August 30, 2019, Ms. Lavoie sent Plaintiff a letter stating that Defendants was going to review his interim suspension, and that Plaintiff accurately quotes portions of Ms. Lavoie's letter.  Defendants deny the remaining allegations contained in Paragraph 128 of the Complaint.  By way of further response, Ms. Lavoie's letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its content.

129.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint and, therefore, deny those allegations.

130.     Defendants admit the allegations contained in Paragraph 130 of the Complaint.

131.     Defendants admit only that Ms. Lavoie and Ms. Scheele spoke with Plaintiff and informed him that Ms. Scheele would be replacing Mr. Helmke and investigating Jane Roe 2's report against Plaintiff, that Ms. Scheele would be using the information that Mr. Helmke had gathered to date, and that Ms. Scheele immediately began working on scheduling witness interviews for the investigation.  Defendants deny the remaining allegations contained in Paragraph 131 of the Complaint, including an interview that was initially scheduled for Friday, September 6, 2019 that had to be rescheduled.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants admit the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.  By way of further response, Mr. Fiacco's September 7, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.  By way of further response, Mr. Fiacco's September 7, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

136.    Defendants admit only that Plaintiff accurately quotes certain portions of Mr. Fiacco's September 7, 2019 letter.  Defendants deny the remaining allegations contained in Paragraph 136 of the Complaint.  By way of further response, the September 7, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.  By way of further response, Mr. Fiacco's September 7, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

138.    Defendants admit only that Ms. Lavoie emailed Plaintiff on September 9, 2019 regarding his report against Jane Roe 2.  Defendants lack sufficient knowledge or information to form a belief as to the truth regarding the date Plaintiff filed his Complaint and, therefore, deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 138 of the

Complaint.  By way of further response, Mr. Fiacco's September 9, 2019 email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

139.    Defendants admit only that Plaintiff responded to Ms. Lavoie's September 9, 2019 email, that Plaintiff accurately quotes certain portions of that email, and that Ms. Lavoie attempted to set up a meeting with Plaintiff to discuss his allegations against Jane Roe 2. Defendants deny the remaining allegations contained in Paragraph 139 of the Complaint.  By way of further response, Plaintiff's email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

140.    Defendants admit only that on September 11, 2019, BDN published an article entitled "A student cleared of rape sues Maine's university system for not protecting him more." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 140 of the Complaint and, therefore, deny those allegations.

141.    Defendants admit only that on September 16, 2019, BDN published an article entitled "Student suing Maine's university system is under investigation for sexual misconduct against 4 women."  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 141 of the Complaint and, therefore, deny those allegations.

142.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint and, therefore, deny those allegations.

143.     Defendants admit only that Mr. Fiacco met with Plaintiff on September 12, 2019 as part of his review of Plaintiff's suspension.  Defendants deny the remaining allegations contained in Paragraph 143 of the Complaint.

144.     Defendants admit only that on or about September 12, 2019, Mr. Helmke authored a memorandum regarding his May 3, 2019 meeting with Plaintiff.  Defendants deny the remaining allegations contained in Paragraph 144 of the Complaint.  By way of further response, the September 12, 2019 memorandum is a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the memorandum and refers to the memorandum for a complete and accurate statement of its contents.

145.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint and, therefore, deny those allegations.

146.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint and, therefore, deny those allegations.

147.     Defendants admit that Mr. Fiacco sent Plaintiff a letter dated September 20, 2019 in which he notified Plaintiff of his continued interim suspension and that Plaintiff accurately quotes certain portions of the letter.  By way of further response, the September 20, 2019 letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

148.     Defendants deny the allegations contained in Paragraph 148 of the Complaint.  By way of further response, the March 1, 2019 letter is a written document that speaks for itself, and

Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

149.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint and, therefore, deny those allegations.

150.   Defendants deny the allegations contained in Paragraph 150 of the Complaint.  By way of further response, Jane Roe 1's Charge of Discrimination filed with the Maine Human Rights Commission (the "Charge") is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the Charge and refer to the Charge for a complete and accurate statement of its contents.

151.   Defendants admit only that UMS vigorously defended the fairness and thoroughness of its investigatory and adjudicative process in its response to the Charge. Defendants deny the remaining allegations contained in Paragraph 151 of the Complaint.  By way of further response, UMS's response to Jane Roe 1's Charge is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the response and refer to the response for a complete and accurate statement of its contents.

152.   Defendants admit only that Plaintiff accurately quotes a portion of UMS's response to the Charge.  By way of further response, UMS's response to Jane Roe 1's Charge is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the response and refer to the response for a complete and accurate statement of its contents.

153.   Defendants admit only that Plaintiff accurately quotes a portion of UMS's response to the Charge.  By way of further response, UMS's response to Jane Roe 1's Charge is

a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the response and refer to the response for a complete and accurate statement of its contents.

154.    Defendants admit only that Plaintiff accurately quotes a portion of UMS's response to the Charge.  By way of further response, UMS's response to Jane Roe 1's Charge is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the response and refer to the response for a complete and accurate statement of its contents.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    Defendants admit only that on October 9, 2019, Ms. Scheele interviewed Plaintiff regarding Jane Roe 2's report against him and Mr. Helmke interviewed Plaintiff regarding Jane Roe 4's report against him.  Defendant denies the remaining allegations contained in Paragraph 156 of the Complaint.

157.    Defendants admit the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants admit only that Mr. Helmke emailed Plaintiff on October 18, 2019 and October 22, 2019.  Defendants deny the remaining allegations contained in Paragraph 159 of the Complaint.  By way of further response, those emails are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of those emails and refer to those emails for a complete and accurate statement of their contents.

160.    Defendants admit only that Mr. Helmke emailed Plaintiff on October 22, 2019, and that Plaintiff accurately quotes a portion of that email.  Defendants deny the remaining allegations contained in Paragraph 160 of the Complaint.  By way of further response, that email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of that email and refer to that email for a complete and accurate statement of its contents.

161.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint and, therefore, deny those allegations.

162.    Defendants admit only that Ms. Lavoie and Ms. Shore contacted Jane Roe 6 regarding her report against Plaintiff.  Defendants deny the remaining allegations contained in Paragraph 162 of the Complaint.

163.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint and, therefore, deny those allegations.

164.    Defendants admit only that Attorney Carey emailed Ms. Scheele regarding Jane Roe 2.  Defendants deny the remaining allegations contained in Paragraph 164 of the Complaint. By way of further response, Attorney Carey's email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

165.    Defendants admit only that Attorney Carey emailed Ms. Scheele regarding Jane Roe 2.  Defendants deny the remaining allegations contained in Paragraph 165 of the Complaint. By way of further response, Attorney Carey's email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

166.    Defendants admit only that Attorney Carey emailed Ms. Scheele regarding Jane Roe 2.  Defendants deny the remaining allegations contained in Paragraph 166 of the Complaint. By way of further response, Attorney Carey's email is a written document that speaks for itself,

and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants admit the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants admit the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants admit only that Attorney Carey emailed Mr. Helmke and Ms. Shore regarding the written summaries of the Jane Roe 4 hearing.  Defendants deny the remaining allegations contained in Paragraph 171 of the Complaint.  By way of further response, that email is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the email and refer to the email for a complete and accurate statement of its contents.

172.    Defendants admit the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants admit the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants admit only that UMS placed Plaintiff on interim suspension on March 1, 2019, and that UMS conducted a hearing regarding Jane Roe 2's report against Plaintiff on January 9, 2020.  Defendants deny the remaining allegations contained in Paragraph 174 of the Complaint.

175.    Defendants admit only that Plaintiff emailed Ms. Scheele prior to January 9, 2020 regarding Jane Roe 2.  Defendants deny the remaining allegations contained in Paragraph 175 of the Complaint.  By way of further response, those emails are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of the emails and refer to the emails for a complete and accurate statement of their contents.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    Defendants admit only that during the hearing, Jane Roe 2 acknowledged sending certain text messages to Plaintiff.  Defendants deny the remaining allegations contained in Paragraph 178 of the Complaint.  By way of further response, those text messages are written documents that speak for themselves, and Defendants deny Plaintiff's characterization of the text messages and refer to the text messages for a complete and accurate statement of their contents.

179.    Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180.    Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.    Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.    Defendants admit only that Ms. Lavoie sent Plaintiff a letter dated February 6, 2020 that related to Plaintiff's report against Jane Roe 2.  Defendants deny the remaining allegations contained in Paragraph 184 of the Complaint.  By way of further response, that letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

185.    Defendants deny the allegations contained in Paragraph 185 of the Complaint.  By way of further response, the July 1, 2018 UMS SCC provides that "[a]ll investigations will be thorough, reliable, impartial, prompt and fair."

186.    Defendants admit only that Ms. Lavoie sent Plaintiff a letter dated February 6, 2020 that related to his report against Jane Roe 2 and that Plaintiff accurately quotes a portion of that letter.  Defendants deny the remaining allegations contained in Paragraph 186 of the Complaint.  By way of further response, that letter is a written document that speaks for itself,

32

and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

187.    Defendants admit only that Plaintiff accurately quotes a portion of the July 1, 2018 SCC.  Defendants deny the remaining allegations contained in Paragraph 187 of the Complaint.  By way of further response, the SCC is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the SCC and refer to the SCC for a complete and accurate statement of its contents.

188.    Defendants admit only that Ms. Lavoie sent Plaintiff a letter dated February 6, 2020 that related to his report against Jane Roe 2 and that Plaintiff accurately quotes a portion of that letter.  Defendants deny the remaining allegations contained in Paragraph 188 of the Complaint.  By way of further response, that letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

189.    Defendants admit only that Ms. Lavoie sent Plaintiff a letter dated February 6, 2020 that related to his report against Jane Roe 2 and that Plaintiff accurately quotes a portion of that letter.  Defendants deny the remaining allegations contained in Paragraph 189 of the Complaint.  By way of further response, that letter is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

190.    Defendants admit only that Attorney Carey sent a letter from Plaintiff dated February 13, 2020 requesting review of UMS's decision not to pursue a formal investigation into Plaintiff's report against Jane Roe 2.  Defendants deny the remaining allegations contained in Paragraph 190 of the Complaint.  By way of further response, that letter is a written document

that speaks for itself, and Defendants deny Plaintiff's characterization of the letter and refer to the letter for a complete and accurate statement of its contents.

191.    Defendants admit the allegations contained in Paragraph 191 of the Complaint.

192.    Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193.    Defendants deny the allegations contained in Paragraph 193 of the Complaint.

194.    Defendants admit only that on March 17, 2020, in response to Jane Roe 2's report against Plaintiff, Ms. Scheele found Plaintiff "Responsible" for violating several provisions of the UMS SCC, and that the sanction imposed was dismissal from UMF.  Defendants deny the remaining allegations contained in Paragraph 194 of the Complaint.  By way of further response, Ms. Scheele's findings are set forth in a detailed investigation report, which is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the report and refer to the report for a complete and accurate statement of its contents.

195.    Defendants admit only that Ms. Scheele issued her findings in response to Jane Roe 2's report against Plaintiff on March 17, 2020.  Defendants deny the remaining allegations contained in Paragraph 195 of the Complaint.

196.    Defendants admit the allegations contained in Paragraph 196 of the Complaint.

197.    Defendants deny the allegations contained in Paragraph 197 of the Complaint.

198.    Defendants deny the allegations contained in Paragraph 198 of the Complaint.

199.    Defendants admit the allegations contained in Paragraph 199 of the Complaint.

200.    Defendants admit the allegations contained in Paragraph 200 of the Complaint.

201.    Defendants admit only that on September 18, 2020, the UMS Appeals Committee upheld Ms. Scheele's findings and the dismissal sanction imposed on Plaintiff in response to Jane Roe 2's report against him.  Defendants deny the remaining allegations contained in

34

Paragraph 201 of the Complaint.  By way of further response, the decision by the Appeals Committee is a written document that speaks for itself, and Defendants deny Plaintiff's characterization of the document and refer to the document for a complete and accurate statement of its contents.

202.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint.

203.    Defendants admit the allegations contained in Paragraph 203 of the Complaint.

204.    The allegations contained in Paragraph 204 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 204 of the Complaint.

### COUNT I
**(Violation of Title IX by Defendant UMS – Hostile Educational Environment)**

205.    Defendants repeat and reallege their responses in the Paragraphs above as if set forth fully herein.

206.    The allegations contained in Paragraph 206 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207.    The allegations contained in Paragraph 207 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 207 of the Complaint.

208.    The allegations contained in Paragraph 208 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 208 of the Complaint.

209.    The allegations contained in Paragraph 209 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 209 of the Complaint.

## COUNT II
### (Violation of Title IX by Defendant UMS – Selective Enforcement)

210.    Defendants repeat and reallege their responses in the Paragraphs above as if set forth fully herein.

211.    Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212.    Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213.    The allegations contained in Paragraph 213 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214.    The allegations contained in Paragraph 214 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215.    The allegations contained in Paragraph 215 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 215 of the Complaint.

## COUNT III
### (Retaliation under Title IX by Defendant UMS – Procedural Due Process)

216.    Defendants repeat and reallege their responses in the Paragraphs above as if set forth fully herein.

217.   The allegations contained in Paragraph 217 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218.   The allegations contained in Paragraph 218 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 218 of the Complaint.

219.   The allegations contained in Paragraph 219 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220.   The allegations contained in Paragraph 220 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221.   The allegations contained in Paragraph 221 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 221 of the Complaint.

## COUNT IV
### (Title IX Retaliation by Defendant UMS)

222.   Defendants repeat and reallege their responses in the Paragraphs above as if set forth herein.

223.   The allegations contained in Paragraph 223 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224.    The allegations contained in Paragraph 224 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225.    The allegations contained in Paragraph 225 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226.    The allegations contained in Paragraph 226 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227.    The allegations contained in Paragraph 227 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 227 of the Complaint.

228.    The allegations contained in Paragraph 228 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 228 of the Complaint.

**COUNT V**
**(42 U.S.C. § 1983: Violation of Procedural Due Process)**
**(Claim for Damages against Defendants Fiacco, Lavoie,**
**Scheele, Brown, and Helmke)**

229.    Defendants repeat and reallege their responses in the Paragraphs above as if set forth herein.

230.    The allegations contained in Paragraph 230 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

231.    The allegations contained in Paragraph 231 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

232.    The allegations contained in Paragraph 232 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

233.    The allegations contained in Paragraph 233 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

234.    The allegations contained in Paragraph 234 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

235.    The allegations contained in Paragraph 235 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

236.    The allegations contained in Paragraph 236 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

237.    The allegations contained in Paragraph 237 of the Complaint relate to claims against parties other than Defendants and, therefore, no response is required.

## COUNT VI
**(Breach of Contract by Defendants UMS and the UMS Board of Trustees)**

238.    Defendants repeat and reallege their responses in the Paragraphs above as if set forth herein.

239.    The allegations contained in Paragraph 239 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 239 of the Complaint.

240.    Defendants admit the allegations contained in Paragraph 240 of the Complaint.

241.    The allegations contained in Paragraph 241 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 241 of the Complaint.

242.     The allegations contained in Paragraph 242 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 242 of the Complaint.

243.     The allegations contained in Paragraph 243 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 243 of the Complaint.

## COUNT VII
### (42 U.S.C. § 1983: First Amendment Retaliation by Defendant Brown)

244.     Defendants repeat and reallege their responses in the Paragraphs above as if set forth herein.

245.     The allegations contained in Paragraph 245 of the Complaint relate to claims against a party other than Defendants and, therefore, no response is required.

246.     The allegations contained in Paragraph 246 of the Complaint relate to claims against a party other than Defendants and, therefore, no response is required.

247.     The allegations contained in Paragraph 247 of the Complaint relate to claims against a party other than Defendants and, therefore, no response is required.

248.      The allegations contained in Paragraph 248 of the Complaint relate to claims against a party other than Defendants and, therefore, no response is required.

249.     The allegations contained in Paragraph 249 of the Complaint relate to claims against a party other than Defendants and, therefore, no response is required.

## WHEREFORE CLAUSE

Defendants deny that Plaintiff is entitled to any of the relief requested in the Wherefore Clause including, but not limited to, injunctive relief, compensatory damages, punitive damages, and attorneys' fees and costs.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint must be dismissed in whole or in part because it fails to state a claim upon which relief may be granted.

2.     Plaintiff has released certain of his claims in whole or in part through a valid, binding, and lawful Settlement Agreement that he signed in 2018 with UMS.

3.     Plaintiff's Title IX claims fail as a matter of law because his gender was not a substantial or motivating factor for any of the Defendants' actions.

4.     Plaintiff's Title IX "deliberate indifference" or "hostile educational environment" claim fails as a matter of law because Plaintiff was not subject to gender or sexual harassment of which Defendants' officials had actual knowledge and which was so severe, pervasive, and objectively offensive that it can be said to have deprived Plaintiff of access to the educational opportunities or benefits provided by UMS.

5.     Plaintiff's Title IX claims fail because UMS has proper policies and procedures in place to prevent and remedy claims of sex discrimination and actively enforces such policies and procedures.

6.     Plaintiff's Title IX claims fail because Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to otherwise avoid harm.

7.     UMS has an effective policy for reporting and redressing sexual harassment and other types of sex discrimination, pursuant to which it conducted a prompt and thorough investigation of the allegations against Plaintiff and by Plaintiff, and implemented appropriate disciplinary sanctions and other corrective actions and to remediate the effects of any conduct determined to be in violation of the SCC.

8.      Plaintiff's Title IX "procedural due process" claim fails because Defendants provided him with all of the required procedural due process.

9.      Defendants' actions were at all times justified and supported by legitimate, non-discriminatory, non-retaliatory reasons.

10.     Plaintiff did not engage in constitutionally protected activity.

11.     Plaintiff's alleged protected activity was not a substantial or motivating factor in Defendants' conduct.

12.     Defendants would have made the same decisions even in the absence of Plaintiff's alleged protected activity and/or conduct.

13.     The UMS SCC does not create a contract between Plaintiff and Defendants.

14.     The investigative and hearing processes through which UMS imposed an interim suspension on Plaintiff were conducted consistent with the UMS SCC.

15.     Plaintiff's prior material breach of the SCC excused any alleged failure to perform by Defendants.

16.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, and laches.

17.     Plaintiff is not entitled, under some or all of his claims, to seek or recover the damages requested in his Complaint, including, but not limited to, injunctive relief, compensatory damages, and attorneys' fees and costs.  Such damages are unconstitutional, not properly pled, and/or not in conformity with or allowable by law.

18.     To the extent Plaintiff has asserted overlapping and/or duplicative claims, Plaintiff may not recover more than once for the same injury.

19.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

20.     Defendants would have taken the same actions irrespective of Plaintiff's gender.

21.     Defendants did not take any action that would chill Plaintiff's exercise of his First Amendment rights.

22.     Plaintiff's claims are barred in whole or in part by Eleventh Amendment immunity.

23.     Defendants at all times acted in good faith and had reasonable grounds to believe that their acts were not violations of the state and federal laws referenced by Plaintiff.

24.     Plaintiff's claims are barred in whole or in part because his actions created an intervening cause of any damage that he claims to have suffered.

25.     Plaintiff's alleged damages, if any, were proximately caused by Plaintiff's own conduct.

26.     Plaintiff's claims for damages are barred in whole or in part by his failure to mitigate his damages.

27.     To the extent, if any, that Plaintiff has an adequate remedy at law, his prayers for injunctive relief are barred.

28.     Defendants reserve the right to plead any additional defenses as they become known or available during the pendency of this litigation.

**WHEREFORE**, Defendants respectfully requests that:

1.     The Complaint be dismissed with prejudice;

2.     Each and every count and prayer for relief in Plaintiff's Complaint be denied;

3.     Judgment be entered in favor of Defendants; and

4.      Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendants University of Maine System and the Trustees of the University of Maine System hereby demand a trial by jury in the above-captioned action on all issues triable by jury.


Dated: December 23, 2020

<div style="margin-left: 40%;">

*/s/ Shiloh D. Theberge*
Shiloh D. Theberge
Tara A. Walker
Attorneys for Defendants
stheberge@bernsteinshur.com
twalker@bernsteinshur.com
BERNSTEIN SHUR
100 Middle Street, PO Box 9729
Portland, ME 04104-5029
(207) 774-1200

</div>